BUENAVENTURA ISABEL SÁNCHEZ PESANTE, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

No. 780.—*Sometido:* Nov. 4, 1929. *Resuelto:* Nov. 26, 1929.

*Horton & Saliva,* abogados de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La recurrente no pone en tela de juicio la actuación del registrador al anotar como defecto subsanable el no haberse acreditado que determinada persona era la esposa del acreedor hipotecario envuelto al constituirse la hipoteca cuya cancelación se trataba de obtener. La hipoteca misma jamás fué inscrita, pero se hizo una mera mención de ella al inscribirse otro traspaso. La recurrente alega que han transcurrido más de veinte años desde la fecha en que se constituyó la hipoteca, y que, por consiguiente, de acuerdo con la ley la alegada "mención" debe cancelarse. Sin embargo, el registrador llama la atención hacia la fraseología exacta de la ley, así:

"Sección 1.—El apartado (*a*) de la Sección 1 de la Ley No. 12 de la Asamblea Legislativa de Puerto Rico, aprobada en 29 de agosto de 1923, queda redactado del modo siguiente:

" (*a*) Las menciones de hipoteca o de precio aplazado de la compraventa de inmuebles, ya consten en los antiguos y modernos libros del registro, si hubieren transcurrido más de veinte (20) años desde que se verificó la respectiva mención, cuando la parte interesada no hubiere solicitado la inscripción del derecho mencionado dentro del plazo de un año siguiente al día 29 de agosto de 1923, o hubiere promovido, dentro de ese período, demanda en reclamación de su derecho, anotándola en el registro." (Leyes de 1924, página 109.)

La escritura a que se refiere la mención fué inscrita dentro de los veinte años. Por tanto, la prescripción no había empezado a regir. Si bien convenimos en que ello es algo duro, se trata de un caso de *lex scripta,* y la nota del registrador debe ser confirmada.